EXHIBIT A

Nixon Peabody Subpoena

AO 88 (11/91) Subpoena in a Civil Case

# United States District Court

Eastern DISTRICT OF Massachusetts

Federal Express Corporation,
Plaintiff
v.

Accu-Sort Systems, Inc.,
Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 01-2503 MA/BRE
U.S. District Court
Western District of Tennessee

TO: Nixon Peabody LLP
101 Federal Street
Boston, MA 02110-1832

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached hereto.

| PLACE  Volpe and Koenig, P.C. United Plaza, Suite 1600, 30 South 17th Street Philadelphia, PA 19103, or at another mutually agreeable location | DATE AND TIME April 23, 2004 at 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Attorney for Defendant    DATE 4-7-04

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John J. O'Malley, Esquire, Volpe and Koenig, P.C.
United Plaza, Suite 1600, 30 South 17th Street, Philadelphia, PA 19103   (215) 568-6400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                  DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE,
### WESTERN DIVISION

FEDERAL EXPRESS CORPORATION,

        Plaintiff,

No. 01-2503 MA/ BRE

v.

ACCU-SORT SYSTEMS, INC.,

        Defendant.

### Schedule A

**A.** **Definitions**

A. Whenever appropriate to a request, the singular form of a word is to be interpreted as encompassing the plural thereof.

B. The words "and", "or" and "any" are to be construed as inclusive rather than exclusive.

C. As used herein, "concerning", "concerned with", "support", "supporting", "referring", "relating", "relate to" or "refer to," in any form request everything within the scope of Federal Rule of Civil Procedure Rule 26 (b) (1).

D. "Accu-Sort" means Accu-Sort Systems, Inc. and includes any and all agents or affiliates or predecessors in interest, business entities, officers, directors, employees or others respondent believes or believed to be in privity with it.

E. "FedEx" means Federal Express Corporation and includes any and all agents or affiliates or predecessors in interest, business entities, officers, directors, employees or others respondent believes or believed to be in privity with it.

F.   "Datasafe" means Datasafe, Inc. and includes any and all agents or affiliates or predecessors in interest, business entities, officers, directors, employees or others in privity with it.

B.   **Document Requests**

1. Any document concerning communications between Brett Bonner and Datasafe.

2. Any document concerning settlement discussions between FedEx and Datasafe.

3. Any document concerning any settlement agreement between FedEx and Datasafe.

4. Any document concerning any declaration or affidavit filed in *Datasafe, Inc. v. Federal Express Corporation*, Civil Action No. 01-2590 (Middlesex Superior Court).

5. Any document referring or relating to any deposition of a FedEx employee or agent in *Datasafe, Inc. v. Federal Express Corporation*, Civil Action No. 01-2590 (Middlesex Superior Court).

6. Any document concerning any responses to interrogatories, document requests or requests for admission, served in *Datasafe, Inc. v. Federal Express Corporation*, Civil Action No. 01-2590 (Middlesex Superior Court).

7. Any document concerning Accu-Sort.

2

8. Any document concerning any litigation involving FedEx and Accu-Sort.

9. Plaintiff's Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment on Defendant's Counterclaim (Paper No. 85) filed in *Datasafe, Inc. v. Federal Express Corporation*, Civil Action No. 01-2590 (Middlesex Superior Court).

10. The Joint Pre-Trial Memorandum (Paper No. 89) filed in *Datasafe, Inc. v. Federal Express Corporation*, Civil Action No. 01-2590 (Middlesex Superior Court).

11. All documents referred to or related to Paper Nos. 63, 64, 76, 77, 78, 79, 83, 85, 89 as identified in the Civil Docket Case Summary (Docket) for *Datasafe, Inc. v. Federal Express Corporation*, Civil Action No. 01-2590 (Middlesex Superior Court).

12. A document identifying the last known address of David F. Muller.

13. A document identifying the last known address of Datasafe.